[No. 5946. Decided March 15, 1906.]

FANNIE TURNER, *Respondent,* v. WILLIAM M. LADD *et al.,*
*Appellants.*[1]

QUIETING TITLE—EVIDENCE OF TITLE—SUFFICIENCY. As against
title by patent from the government, and regularly executed mesne
conveyances, oral evidence of a conveyance from one, as agent, who
never had record title, and denied by the agent, is insufficient to
establish title.

TAXATION — TAX TITLE — FRAUDULENT ASSESSMENT. A tax title
resting upon an assessment fraudulently procured to be made to one
not the owner, when the property had been already assessed and the
taxes paid, is void.

ADVERSE POSSESSION—WHEN NOT CONTINUOUS—EVIDENCE—SUFFI-
CIENCY. Title cannot be acquired by adverse possession from the
fact that the plaintiff in 1875 constructed a fence from one inlet of
Puget Sound to another, inclosing part of the land with some of his
own, and that he logged the land at that time, where, for more than
twenty years last past, it has been vacant and unoccupied by any
one.

DEEDS—BOND FOR DEED—AFTER-ACQUIRED TITLE. A bond for a
deed, made by a patentee prior to the issuance of a patent, is not a
conveyance, and is insufficient to pass an after-acquired title.

Appeal from a judgment of the superior court for Thurs-
ton county, Linn, J., entered April 24, 1905, upon findings
in favor of the plaintiff, after a trial before the court with-
out a jury, in an action to quiet title. Reversed.

*M. G. Royal, King & King,* and *Troy & Falknor,* for ap-
pellants.

*G. C. Israel,* for respondent.

PER CURIAM.—The respondent brought this action against
William Ladd and others, to quiet title in herself to lot two,
of section twenty, in township nineteen, north, of range two,
west of the Willamette meridian. A decree adjudging her
to be the owner in fee of the premises, and quieting her title

[1]Reported in 84 Pac. 866.

thereto was rendered by the trial court, and the defendants Ladd and wife appeal therefrom.

The respondent claimed title by virtue of a deed from her father. The father claimed title through three sources: the first by reason of having purchased the property from one George Barnes, who, he testified, then claimed the right to sell it as the agent of the true owner; the second, by reason of having purchased it at a tax sale; and the third, by virtue of the statute of limitations. The appellants Ladd and wife showed title through a regular chain of mesne conveyances from the government of the United States to themselves.

We shall not comment at any length upon the evidence thought to sustain the respondent's claim of title, but a careful examination of it has convinced us that her claims are unfounded. The alleged purchase from Barnes rests on the naked statement of the father. No conveyance, contract, or writing of any kind is produced to evidence the sale, and Mr. Barnes himself denies making it. The title never stood of record in Mr. Barnes, nor is there anything of record showing that he had a right to make a contract concerning it. This character of evidence is not sufficient to overthrow a title derived from the government, and evidenced by mesne conveyances regularly executed and duly recorded.

The claim through a tax deed has no better foundation. B. B. Turner caused the property to be assessed to himself, suffered the same to become delinquent, and then procured a friend to buy it for him at a sheriff's sale. In the meantime, however, the land had been regularly assessed to its true owner, and the taxes paid by such owner before they became delinquent. It is perhaps needless to add that Mr. Turner could acquire no title to the property by this transaction. So palpable a fraud cannot be the foundation of any legal right.

The claim based on the statute of limitations is likewise without conclusiveness, although it has more merit than the

claim just noticed. The land in question borders on Puget Sound, and Mr. Turner owns land in its vicintiy. As early as 1875, Turner caused a fence to be constructed from one inlet of the Sound to another, and in doing so inclosed with some of his own land a small part of the land in dispute. Mr. Turner also claims to have constructed some log ways across it, and to have logged the land in 1875 or 1876, and contends now that he always claimed to own it. It appears, however, that the fence was long since destroyed, and that, for nearly if not quite twenty years last past, the land has been open to the commons no more in the possession of the respondent and her predecessor in interest than in the possion of any one. True, Mr. Turner has intermittingly caused the land to be assessed to himself, and had paid taxes upon it; but the land was also assessed regularly to the record owner, and he likewise has paid the taxes thereon. We think, therefore, that title cannot be claimed by virtue of the statute of limitations.

The respondent claims further that the evidence introduced by the appellants shows that the patentee from the government parted with his title prior to the time he conveyed to the person through whom the appellants claim title, and hence, the appellants are mere strangers to the title asserting ownership, and as against them the respondent has made out a case of adverse possession. But counsel mistakes the effect of the instrument he denominates a conveyance. It was nothing more than a mere bond for a deed, executed prior to the time the obligor obtained his title from the United States and could not operate to pass any subsequently acquired title.

The judgment appealed from is reversed, and remanded with instructions to enter a judgment to the effect that the respondent, plaintiff below, take nothing by her action, and that the defendants go hence with their costs.